UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lucille Brisbon, | ) | Civil Action No.3:13-cv-02819-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SSC Sumter East Operating Company LLC, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before this Court is Defendant SSC Sumter East Operating Company LLC ("Defendant")'s Motion to Dismiss Plaintiff's Amended Complaint and to Compel Arbitration. (ECF No. 5.) Defendant moves the Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, for an order dismissing Plaintiff's Amended Complaint and compelling Plaintiff to arbitrate. (ECF No. 5.) In the alternative, Defendant asks this Court to stay the litigation and compel the claim to arbitration. (ECF No. 5-1 at 9.) Having considered the motion and the responses filed in light of the applicable law, the Court grants Defendant's motion to stay the litigation and to compel arbitration.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Lucille Brisbon ("Plaintiff") originally filed this action on August 12, 2013, in the Sumter County Court of Common Pleas. (ECF No. 1-1 at 4-6.) Plaintiff filed an amended complaint on September 13, 2013 against this Defendant alleging one count of "retaliatory discharge" under S.C. Code Ann. § 41-1-80. (ECF No. 1-1 at 7-10.) Defendant filed a notice of removal on October 16, 2013, on the basis of diversity jurisdiction. (ECF No. 1.) On the same day, Defendant filed the instant motion. (ECF No. 5.) Plaintiff filed a response in opposition on October 30, 2013 (ECF No. 8), and Defendant filed a reply in support of its motion on November 12, 2013.

(ECF No. 9.)

Defendant contends that Plaintiff and Defendant entered into a mutually-binding mandatory Arbitration Agreement covering the claims Plaintiff—as a former employee—has asserted in this matter. (ECF No. 5-1 at 2.) Accordingly, Defendant argues that this lawsuit should be dismissed and that Plaintiff should be required to pursue any claims she might have through the Employment Dispute Resolution ("EDR") Program in accordance with the parties' agreement. (ECF No. 5-1 at 2.) Defendant maintains that Plaintiff's allegation that she was harassed, demoted, and threatened with termination from employment falls squarely within the realm of issues covered under the EDR Program. (ECF No. 5-1 at 2; ECF No. 9.) Defendant argues that the relevant Arbitration Agreement satisfies the requisite elements needed to be enforceable under the provisions of the Federal Arbitration Act ("FAA"). (ECF No. 5-1 at 8.)

## **LEGAL STANDARDS**

Defendant has moved to dismiss Plaintiff's Amended Complaint and to compel arbitration pursuant to 9 U.S.C. § 3 and Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 5.) A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court is to "regard the pleadings' allegations as mere

evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, embodies a federal policy favoring arbitration. *Drews Dist., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001). A litigant can compel arbitration under the FAA, if the litigant can demonstrate: " (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002) (internal citation and quotations omitted). The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500. The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration" and the Fourth Circuit has found this stay-of-litigation provision to be mandatory. *Adkins*, 303 F.3d at 500 (internal citation and quotations omitted); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999). However, the Fourth Circuit has also found that when all the issues presented in a lawsuit are subject to mandatory and binding arbitration, dismissal of the action, rather than the "mandatory" stay required by 9 U.S.C. § 3, is a proper remedy. *Choice Hotels*

*Int'l, Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 709-10 (4th Cir. 2001).[1]

## DISCUSSION

"In order for a court to compel arbitration, the court must first find that an arbitration agreement exists between the parties. If an agreement is found to exist, the court must then decide whether the dispute at issue falls within the scope of the agreement." *Hightower v. GMRI, Inc*., 272 F.3d 239, 242 (4th Cir.2001). Plaintiff does not dispute that she signed the Arbitration Agreement in conjunction with the EDR Program, nor does she dispute that the Arbitration Agreement is valid and enforceable under the provisions of the FAA. Instead, Plaintiff argues that Defendant's motion should be denied because Plaintiff asserts that her claims are related to workers' compensation and thus exempt from the reach of the EDR Program. (ECF No. 8 at 1-2.)

The Court agrees with Defendant's position and finds that Plaintiff's claims fall squarely under the Arbitration Agreement. At this juncture, Plaintiff's sole claim in the instant action is for "retaliatory discharge" under S.C. Code Ann. § 41-1-80 in connection with alleged harassment, demotion, and threats of termination following the filing of a workers' compensation claim. (ECF No. 1-1 at 9.) Such a claim comes within the EDR Program's coverage of claims for "discipline, discrimination, fair treatment, harassment, termination, and other legally protected rights." (ECF No. 5-3 at 5.) Any purported ambiguity as to the EDR Program's coverage must be resolved in favor of arbitration. *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ*., 489 U.S. 468, 475–76 (1989); *see also Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 436 (4th Cir. 2004) (noting that in the absence of an express provision excluding a particular grievance from

---

[1]The Fourth Circuit has not definitely resolved whether a stay pending arbitration or dismissal must be consistently ordered by a court when faced with an action where all issues purport to be covered by mandatory, binding arbitration and has further recognized a split among the circuits on this issue. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012).

arbitration, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail."(internal citation and quotations omitted)). The issues presented in the Amended Complaint are arbitrable under a valid agreement and the claims are subject to arbitration.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Defendant's motion to compel Plaintiff to arbitrate her claims and stays the instant federal lawsuit. The record shows that Plaintiff's claims against Defendant are covered by a valid arbitration agreement and the parties are ordered to submit the claims to arbitration in accordance with the relevant agreement. All other relief requested is denied for present purposes.[2] The parties should file a status report within six months of the date of this order. Defendant is granted leave to petition the Court to dismiss this action if necessary pending the outcome of the arbitration.

    IT IS SO ORDERED.

                                                  /s/Mary G. Lewis
                                                  United States District Judge

Spartanburg, South Carolina
July 29, 2014

---

[2] Defendant has failed to demonstrate that this action should be dismissed for lack of subject matter jurisdiction. To the extent Defendant sought dismissal based on Rule 12(b)(1) on the grounds that the Arbitration Agreement somehow ousts this Court of jurisdiction, the more modern view is that such agreements are in fact not destructive of jurisdiction. In this instance, the Court finds that retention of jurisdiction over this matter to be the most prudent course of action. *See Bayer CropScience AG v. Dow AgroSciences, LLC*, No. 2:12-cv-47, 2012 WL 2878495 (E.D. Va. July 13, 2012)(discussing several circuit cases and viewpoints).